IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PICKULS GIZMO LTD., | |
| Plaintiff, | |
| v. | No. 3:26-cv-333 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

Plaintiff Pickuls Gizmo Ltd. ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement under the Copyright Act, and design patent infringement under the Patent Act against the Partnerships and Unincorporated Associations Identified in Schedule "A"[1] (together, "Defendants"). In support hereof, Plaintiff states as follows:

### I.  JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq, the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets business activities toward consumers in the United States, including Indiana, through their operation of or assistance in the operation of the fully interactive, commercial internet stores operating under the aliases identified in Schedule A attached hereto (the "Seller Aliases").

---

[1] Schedule A lists Defendant's identifying information (Merchant Name, Merchant ID, Product ID) and the corresponding use of Plaintiff's Intellectual Property.

1

Specifically, each of the Defendants directly reaches out to do business with Indiana residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products featuring Plaintiff's patented design and/or using or bearing infringing versions of Plaintiff's federally registered copyrighted work directly to Indiana consumers. In short, each Defendant is committing tortious acts in Indiana, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Indiana.

## II.　　INTRODUCTION

3.　　Plaintiff filed this action to combat online infringers and counterfeiters who trade upon Plaintiff's reputation and goodwill by (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of unauthorized and unlicensed products that infringe Plaintiff's design patent (U.S. Patent No. D982,233) ("BLEND FREND Design") and/or (2) using Plaintiff's copyrighted work (U.S. Reg. No. VA 2-425-141) ("BLEND FREND Work") in connection with the sale and advertising of knockoff products. *See* **Exhibit 1**. Like many other intellectual property right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendants herein. The Defendants created internet stores (the "Defendant Internet Stores" or the "Stores") by the dozens using and displaying copies and derivative works of BLEND FREND Work to sell imitation versions of Plaintiff's signature product to unknowing customers, and/or making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products to unknowing consumers. Plaintiff is and continues to be harmed, the consuming public is misled and confused, and Defendants earn substantial profits from their infringing activities.

4. The Defendant Internet Stores share unique identifiers, such as similar design elements of the unauthorized products offered for sale and, on information and belief, these similarities suggest that the Defendant Internet Stores share common manufacturing sources, thus establishing the Defendants' infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their infringing operation, including changing the names of their Stores multiple times, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's copyrighted work and patented design and to protect unknowing consumers from purchasing infringing products over the Internet. Because of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and through its loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design. Accordingly, Plaintiff seeks injunctive and monetary relief.

### III.   THE PARTIES

**Plaintiff Pickuls Gizmo Ltd.**

5. Plaintiff is a United Kingdom private limited company and is the creator and seller of high-quality, unique innovative hair bend products ("BLEND FREND Products") designed to help novice barbers and people at home blend and cut their short hair. They are known for their durable, easy-to-use design, and versatile functionality. Plaintiff sells these products through its BLEND FREND brand, which allows consumers to purchase the genuine products through the company's website.

6. BLEND FREND Products are known for their distinctive patented design. Hair blending tools that use this design are associated with the quality and innovation that the public has come to expect from BLEND FREND Products. Plaintiff uses this design in connection with its BLEND FREND branded products, including, but not limited to, the following patented design.

| Patent Number: US D982,233 | | Issue Date: March 28, 2023 | |
|---|---|---|---|
| **CLAIM** | | | |
| Figure 1 | *(illustration of hair blending comb, side view)* | Figure 2 | *(illustration of hair blending comb, opposite side view)* |
| Figure 3 | *(illustration of hair blending comb, perspective view)* | Figure 4 | *(illustration of hair blending comb, top view)* |

| Figure 5 | | Figure 6 | |
|---|---|---|---|
| Figure 7 | | | |

7. Plaintiff is the lawful assignee of all rights, title, and interest in and to Patent Number US D982,233. The '233 patent was lawfully issued on March 28, 2023, with the named inventor Joseph Marson. Upon information and belief, Defendants have persisted in infringing Plaintiff's patented design after the grant date of the design patent.

8. Plaintiff is also the owner of a copyright registration U.S. Reg. No. VA 2-425-141. The registration information for BLEND FREND Work and copy of the corresponding image are shown in **Exhibit 1** attached hereto. Plaintiff uses the BLEND FREND Work in connection with advertising and demonstrating the BLEND FREND Products. Upon information and belief, Defendants have persisted in infringing Plaintiff's copyright after the effective date of the copyright registration.

5

9. Since its first publication, BLEND FREND Work has been used to sell BLEND FREND Products. Plaintiff's products and its accompanying copyrighted work have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States.

10. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display BLEND FREND Work to the public. Plaintiff has never granted authorization to Defendants to use Plaintiff's copyrighted work to advertise, market, or promote unauthorized goods.

11. Plaintiff launched its BLEND FREND branded products in 2023, which are available through its website[2] and Amazon storefront[3]. Plaintiff's founder and inventor created BLEND FREND Products after observing a demand in the marketplace for people to recreate their professional haircuts at home. Plaintiff has been and continues to heavily market and promote its unique products using its federally registered work on its website, social media, advertisements, and product demonstration videos. Its website and social media feature original content, reviews, and testimonials for BLEND FREND Products.

12. Plaintiff is the manufacturer, distributor, and retailer of BLEND FREND Products. The Company is engaged in the business of distributing and retailing its high-quality hair blending tools within the Northern District of Indiana. Defendants' sales of the knockoff products by using Plaintiff's copyrighted work and patented design in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

**The Defendants**

---

[2] https://blendfrend.com/
[3] https://www.amazon.com/stores/BlendFrend/page/C46CDDF4-0FA4-440E-9945-D420717DE1D6?ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto

13. Defendants are unknown individuals and entities who conduct business targeting customers in the United States, including within the state of Indiana and in this Judicial District, through the operation of fully interactive commercial websites and online commercial marketplaces operating under the e-commerce stores under the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in foreign jurisdictions and redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rules of Civil Procedure 17(b). Each Defendant targets the United States, including Indiana, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products to consumers within the United States, including Indiana, and in this Judicial District.

14. Defendants are an interrelated group of infringers who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine BLEND FREND Products by unlawfully using Plaintiff's copyrighted work and patented design, while they actually sell inferior imitations of Plaintiff's BLEND FREND Products. Defendant Internet Stores share many features, such as common design elements, the same or similar knockoff products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their network. If Defendants provide additional

credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.   THE DEFENDANTS' UNLAWFUL CONDUCT

15.    The success of Plaintiff's brand has resulted in significant infringement and counterfeiting. Consequently, Plaintiff has implemented an anti-counterfeiting program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores on online marketplace platforms such as, but not limited to Alibaba, AliExpress, Amazon, eBay, Fruugo, Shein, Shopify, Temu, and Walmart, operating under the Seller Aliases, and offering for sale, completing sales, and exporting counterfeit products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating new Seller Aliases.

16.    E-commerce sales, including e-commerce internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* **Exhibit 2**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*. According to Customs and Border Patrol's ("CBP") report, from Fiscal Year (FY) 2020 to FY 2024, the total number of goods seized for IPR violations has more than doubled. In addition to seizure, CBP executed 99,959 alternative enforcement actions, such as abandonment and destruction. *Id.* China and Hong Kong are consistently the top two for IPR seizures. In FY 2024, seizures from China and Hong Kong accounted for approximately 90% of the total quantity seized. *Id.* The vast majority of IPR seizures continue to take place within the express consignment and mail shipping methods. In FY 2024, 97% of IPR seizures in the cargo environment occurred in de minimis shipments. *Id.* Counterfeit and pirated products account for billions of dollars in

economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

17. Upon information and belief, at all relevant times hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the BLEND FREND Work and Design, including its exclusive right to use and license such intellectual property and the associated goodwill. Defendant Internet Stores use the same pictures to advertise their infringing products that Plaintiff uses on its website and social media, sowing further confusion among potential purchasers.

18. Defendants have purposefully directed some portion of their infringing activities towards consumers in this District through advertisement using Plaintiff's copyrighted work as well as through offers to sell, sale, or shipment of knockoff goods associated with infringing work into the State.

19. Defendants directly engaged in unfair competition with Plaintiff by advertising, offering for sale, or selling goods bearing or using unauthorized reproductions or derivatives of Plaintiff's copyrighted work to consumers within the United States and this District through their internet-based e-commerce stores.

20. Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

21. Defendants take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement. For example, infringers take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and

confirmation of their identities, allowing Defendants to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 3**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 41 Nw. J. Int'l. L. & Bus. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Indiana residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Indiana, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Indiana.

22. Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

23. The unauthorized products advertised and for sale in Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the knockoff products are manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

24. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe BLEND FREND Design. Each e-commerce store operating under a seller alias offers shipping to the United States, including Indiana, and, on information and belief, each Defendant has sold infringing products in the United States and Indiana over the internet.

25. Defendants' infringement of the BLEND FREND Design in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products was willful.

26. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the BLEND FREND Work in connection with the advertisement, offer for sale, and sale of the knockoff products, through, *inter alia*, the internet. The knockoff products are not BLEND FREND branded products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the knockoff products and did not approve the knockoff products for sale or distribution. Each of Defendant Internet Stores offers shipping to the United States, including Indiana, and, on information and belief, each Defendant has sold knockoff products into the United States, including Indiana.

27. Defendants' use of BLEND FREND Work in connection with the advertising, distribution, offer for sale, and sale of knockoff products, including the sale of knockoff products

into Indiana, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

28.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling knockoff products that infringe upon BLEND FREND Work and Design unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's intellectual property.

## COUNT I

## **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

29.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

30.     Plaintiff's BLEND FREND Work has significant value and has been produced and created at considerable expense. Plaintiff is the owner of the original work, and the work at issue has been registered with the U.S. Copyright Office. *See,* **Exhibit 1**.

31.     Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the Plaintiff's copyrighted BLEND FREND Work, including derivative works.

32.     Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully created copies of Plaintiff's copyrighted work without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the Plaintiff's work via websites and online markets in connection with the marketing of their knockoff products.

33. Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyright by making or causing to be made derivative works from the BLEND FREND Work by producing and distributing reproductions without Plaintiff's permission.

34. Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's work. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

35. Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the BLEND FREND Work. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's work.

36. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

37. As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

38. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted work from which copies can be reproduced

should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## COUNT II

### INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

39. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40. Plaintiff is the lawful assignee of all right, title, and interest in the BLEND FREND Design. *See* **Exhibit 1**.

41. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use infringing products that infringe the ornamental design claimed in the Plaintiff's design patent either directly or under the doctrine of equivalents.

42. Defendants have been and are infringing Plaintiff's design patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C.§ 271(a).

43. Defendants have infringed Plaintiff's design patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

44. Defendants have infringed Plaintiff's design patent because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of Plaintiff's design patent and the overall design features of Defendants' products are substantially

the same, if not identical, with resemblance such as to deceive an ordinary observer, including to deceive such observer to purchase an infringing product supposing it to be Plaintiff's product protected by Plaintiff's design patent.

45.　　Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

  A. That Defendants, their affiliates, officers, agents, employees, attorneys, and all other persons acting for, with, by, through, under, or in active concert with them be temporarily preliminary, and permanently enjoined and restrained from:

      i.　　making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in BLEND FREND Design;

      ii.　　aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon BLEND FREND Design; and

      iii.　　effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b); and

  B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Alibaba, AliExpress, Amazon, DHgate, eBay, Fruugo, Shein, Shopify, Temu, and Walmart;

payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in BLEND FREND Design;

C.  That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of Plaintiff's design patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

D.  That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of BLEND FREND Design be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.  In the alternative, that Plaintiff be awarded complete accounting of all revenue and profits realized by Defendants from Defendants' infringement of BLEND FREND Design, pursuant to 35 U.S.C. § 289;

F.  That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from

   i. using BLEND FREND Work or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized BLEND FREND Product or is not authorized by Plaintiff to be sold in connection with BLEND FREND Work;

  ii. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under BLEND FREND Work;

  iii. further infringing BLEND FREND Work and damaging Plaintiff's goodwill;

  iv. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use BLEND FREND Work, and which are derived from Plaintiff's copyrights in BLEND FREND Work; and

  v. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in BLEND FREND Work; and

G. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Alibaba, AliExpress, Amazon, eBay, Fruugo, Shein, Shopify, Temu, and Walmart; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of knockoff products using the Plaintiff's copyright; shall

    i. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce BLEND FREND Work or are derived from BLEND FREND Work, including any accounts associated with the Defendants listed on Schedule A;

    ii. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from BLEND FREND Work; and

    iii. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

H. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

I. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

J. In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted work;

K. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

L. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

M. Plaintiff demands trial by jury as to all causes of action so triable.

Dated: March 13, 2026					Respectfully submitted,

							Counsel for Plaintiff Pickuls Gizmo Ltd.

							/s/ James E. Judge
							Zareefa B. Flener (IL Bar No. 6281397)
							James E. Judge (IL Bar No. 6243206)
							Ying Chen (IL Bar No. 6346961)
							Flener IP Law, LLC
							77 W. Washington St., Ste. 800
							Chicago, IL 60602
							(312) 724-8874
							jjudge@fleneriplaw.com